**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDEEP SINGH, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al., <br><br> Respondents. | Case No.:  3:26-cv-00842-BTM-BLM <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[ECF NO. 1]** |

Pending before the Court is Amandeep Singh's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the petition and orders the Respondents to provide him with an individualized bond hearing before a fair, neutral, and open-minded immigration judge.

## I.    BACKGROUND

Singh, a native and citizen of India, arrived at the U.S. border on November 28, 2024, and was taken into custody around midnight.  (ECF No. 5-1 ("Decl."), ¶ 1; ECF No. 8-1, Ex. 2 ("DHS Rec."), at 2.)  Singh was found inadmissible under the INA and detained under 8 U.S.C. § 1225(b).  (*See* ECF No. 8-1, Ex. 1, at 1; DHS Rec., 3.)  Singh sought

asylum and eventually received a positive credible fear determination on January 31, 2025. (Decl., ¶ 2, ¶ 4.)   The Respondents then initiated Section 1229a removal proceedings against Singh to begin on February 20, 2025.  (*Id.* ¶ 4; ECF No. 4 ("Return"), at 4–5.)

Singh requested a continuance on February 20, March 12, and April 2, 2025, to prepare for his removal proceedings.  (*See* ECF No. 8-1, Ex. 4 ("EOIR Rec."), at 3.)  He filed his asylum application in April 2025.  (Decl., ¶ 6.)   Singh again requested a continuance on May 14, June 11, July 16, and August 21.  (EOIR Rec., 3.)  During the hearing on September 19, 2025, the Respondents converted Singh's group hearing to an individual merits hearing, scheduled for January 14, 2026.  (*Id.*)  During the January 2026 hearing, Singh explained that he had not reviewed his asylum application because he had not received it.  (Decl., ¶ 8.)  The immigration judge then rescheduled his hearing to June 5, 2026.  (*Id.*)

Singh has been in custody for about fifteen months and has not received a bond hearing.  (*See id.* ¶ 1, 9.)  He remains detained at Otay Mesa Detention Center.  (*See id.* ¶ 10.)  He filed a petition for the writ of habeas corpus on February 9, 2026, and an amended petition on February 19, 2026.  (ECF No. 1; ECF No. 5 ("Am. Pet.").)

## II.    DISCUSSION

Singh claims the Due Process clause of the Fifth Amendment prohibits unreasonably prolonged immigration detention without a bond hearing.  (Am. Pet., 3–8.)  Singh also contends that immigration judges are not neutral and thus that the Court should order his outright release or provide additional safeguards for the bond hearing.  (*Id.* at 8–15.)

The Respondents contend that the Court lacks jurisdiction.  (Return, 6–7.)  The Respondents claim that Singh is lawfully detained under 8 U.S.C. § 1225(b)(1).  (*Id.* at 7–8.)  Because Singh was detained at the border, they claim that he has no right to admission into the United States.  (*Id.*)  Furthermore, the Respondents urge the Court to reject Singh's Due Process claim on the merits because it is not constitutionally unreasonable.  (*Id.* at 8–15.)  The Respondents also contend that, should the Court find that Singh is entitled to

26-cv-842

habeas relief, the Court should decline to grant release and instead order a bond hearing. (*Id.* at 16–18.)

### A. Jurisdiction

The Court has long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3); *see* Judiciary Act of 1789, ch. 20, 1 Stat. 73, 81–82. Yet the Respondents argue that the Court lacks jurisdiction over this petition under 8 U.S.C. § 1252(g).

This is the same jurisdictional argument that other decisions in this district have soundly rejected. *See, e.g.*, *Tran v. Noem*, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). Singh is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."). Rather, Singh solely challenges the constitutionality of his detention without a bond hearing. *Nielsen v. Preap*, 586 U.S. 392, 401–02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). The Court therefore adopts the reasoning of the other decisions in this district, rejects the Respondents' argument, and finds that it has jurisdiction to review the petition.

### B. Merits

#### i. Due Process rights for noncitizens[1]

"[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community . . . ." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal.

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

26-cv-842

2025); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government.").

The Respondents respond that *Shaughnessy v. United States ex rel. Mezei* precludes noncitizens from receiving this Due Process protection. 345 U.S. 206 (1953). They claim that noncitizens "have no substantive right to be free from immigration detention." *Barrera–Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute*, Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546, *as recognized in Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002). The Court is not persuaded. In *Mezei*, the Supreme Court was faced with "the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). Because the Petitioner has not received a bond hearing, there has been no determination that he is a danger to national security. *Mezei*'s holding does not apply here.

Rather, the Court agrees with other courts that the Due Process clause prohibits unreasonably prolonged detention without a bond hearing. *Maksin v. Warden, Golden State Annex*, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)). This holds true for those detained under Section 1225, such as Singh. *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C.

26-cv-842

§ 1225(b) without an individualized bond hearing violates due process.").  The Court must determine whether Singh's detention is so prolonged as to violate the Due Process clause.

### ii.      Prolonged Detention

When deciding whether a petitioner's continued detention would violate the Due Process clause, many district courts have looked to the factors articulated in *Banda v. McAleenan*:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause [sic] by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."

385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)).  The Court finds it appropriate to apply the *Banda* test to the Petitioner's detention as other decisions in this district have done.  The Court adopts the reasoning of a recent decision, *Sandesh v. LaRose*, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026), and applies it here.

The first and "most important factor," length of detention, favors the Petitioner. *Banda*, 385 F. Supp. 3d at 1118.  Singh has been detained for fifteen months, a length of time beyond what many courts have found unreasonable.  *See Abdul Kadir v. LaRose*, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  The Court agrees with the Respondents that the length of a petitioner's detention does not, by itself, justify granting habeas relief.  "But neither does that length of detention serve as a safe harbor or insulate Petitioner's case from constitutional review." *Sadeqi v. LaRose*, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).  Furthermore, other factors favor Singh.

The second factor, likely duration of future detention, considers "the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (quoting *Jamal A.*, 358 F. Supp. at 859).  Here, as in *Sandesh*, "Petitioner has not yet had his final merits hearing, and if he loses, will file an appeal to the BIA and will have an opportunity to appeal to the Ninth Circuit as well."

26-cv-842

2026 WL 622690, at *4. This process may take years. *See Banda*, 385 F. Supp. 3d at 1119. Even if Singh receives asylum on June 5, 2026, he would be subject to three more months of detention from now until his hearing. This would raise Singh's total detention time to eighteen months, making the first factor weigh heavier in his favor. The Court finds that this factor weighs in favor of the Petitioner.

The third factor, conditions of detention, favors the Petitioner. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119. Singh's declaration states that he is "locked behind razor wire and concrete," wears a "color-coded jump suit," "can't use the internet," has restricted access to visitors and the outside, and is "guarded at all times with guards authorized to punish [him] for violations of the rules." (Decl., ¶ 10.) The Court finds that Singh's detention resembles penal confinement, and so finds that this factor weighs in his favor.

The fourth and fifth factors, delays caused by the parties, are neutral when reviewed together. The initial detention from November 28, 2024, to February 20, 2025, does not appear to involve delay by either party. Of the remaining thirteen months in detention, Singh caused seven months of delay by continuing his hearings from February 20, 2025, to September 19, 2025. The Respondents then scheduled Singh's individual merits hearing four months later on January 14, 2026. Whether this was a delay by the Respondents or the next available time for an individual hearing is unknown. But the last delay— continuing Singh's hearing from January 14, 2026, to June 5, 2026—was likely caused by the Respondents. They contend that Singh's hearing "*could* have been held on January 14" but "he had not reviewed his asylum application." (Return, 15.) But Singh had not reviewed his application because he had not *received* it. Because Singh is in a detention facility operated by the Respondents and receives mail when they provide it to him, the Respondents likely are at fault for the immigration judge not hearing Singh's case. Regardless, the Court finds that both parties have delayed the immigration process. Any weight given to the delay of one is negated by the weight given to the delay of the other.

26-cv-842

The sixth factor, the likelihood that the removal proceedings will result in a final order of removal, is neutral.  Although Singh has a positive credible fear finding, the Court "is in no position to judge the likelihood of success of this argument" or his claim for asylum.  *Sandesh*, 2026 WL 622690

Because the first three factors favor the Petitioner and the remaining factors are neutral, the Court determines that Singh's prolonged detention without a bond hearing violates the Due Process clause of the Fifth Amendment.

**C.    Relief**

Singh claims that the neutrality of immigration judges has been "severely compromised." (Am. Pet., 8.)  He contends that immigration judges have been encouraged to rule for the Respondents and "minimize due process." (*Id.* at 12.)  Thus, Singh argues that immigration judges will not be fair and impartial and seeks release as a remedy. (*Id.* at 15.)  In the alternative, he also requests this Court to hold a bond hearing. (*Id.* at 16.)

The Court is ordering an individualized bond hearing with additional safeguards to address Singh's concerns.  The bond hearing must be before a fair, neutral, and open-minded immigration judge who is ordered to determine whether the Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure the Petitioner's appearance.  During the bond hearing, the Respondents shall bear the burden of establishing by clear and convincing evidence that Singh poses a danger or flight risk.  *See Sandesh*, 2026 WL 622690, at *5 ("[I]t [is] appropriate to continue to apply the standard set forth in *Singh* [*v. Holder*, 638 F.3d 1196 (9th Cir. 2011)] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals.").  If the immigration judge denies bond, the judge must make specific findings as to why Singh is a flight risk or a danger to the community.

If the Petitioner believes that the Respondents or the immigration judge violated this order and the writ, the Petitioner can apply to this Court for appropriate sanctions.  If past history is any guide, the Respondents have shown the upmost respect for this Court's

26-cv-842

judgments and has timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California.  The remedy of release without bond is denied without prejudice.  The alternative remedy of a bond hearing in front of this Court is also denied without prejudice.

## III.   CONCLUSION

For the reasons stated, the petition for a writ of habeas corpus is **GRANTED IN PART**.  The Respondents are ordered to grant Singh an individualized bond hearing before a fair, neutral, and open-minded immigration judge in accordance with the requirements ordered above.  The hearing must be held no later than March 23, 2026.  The remedy of release without bond is **DENIED** without prejudice.  The alternative remedy of a bond hearing in front of this Court is **DENIED** without prejudice.  The parties shall file a joint statement as to compliance with this writ and order and the result of the bond hearing by 5 p.m. on March 25, 2026.

The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  March 10, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

26-cv-842